STATE OF MAINE　　　　　　　　　　　　　　SUPERIOR COURT
CUMBERLAND, ss.　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　Docket No. CV-07-182
　　　　　　　　　　　　　　　　　　　　　TDW- CUM-11/29/2007

OLD REPUBLIC NATIONAL
TITLE INSURANCE CO.,

　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　ORDER

TRANSCONTINENTAL TITLE CO.,

　　　　Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 5 2008

Before the court is defendant's motion to dismiss Count IV of the complaint.

Count IV is a request for a declaratory judgment with respect to the rights and liabilities of plaintiff Old Republic National Insurance Co. and defendant Transcontinental Title Co. in light of a March 21, 2006 letter from Transcontinental stating its intention to terminate an agreement whereby Transcontinental had served as Old Republic's agent for issuing title insurance policies (the "agency agreement").

Transcontinental asserts without contradiction that it is a Florida corporation and that Old Republic is a Minnesota corporation. The agency agreement that was the subject of Transcontinental's March 21, 2006 letter is a national agreement which applies to some 35 states, including Maine, and the District of Columbia. Transcontinental also asserts without contradiction that Old Republic has sued Transcontinental in at least 16 states and that in each of those states Old Republic has sought, *inter alia*, a declaratory judgment that is identical or essentially identical to the declaratory judgment sought here in Count IV.

According to Transcontinental, the first lawsuit brought by Old Republic against Transcontinental containing this declaratory judgment request was filed in

Massachusetts in September 2006, six and a half months prior to the commencement of this action in Maine. The Massachusetts action was removed to the United States District Court for the District of Massachusetts, where Transcontinental has filed a counterclaim. Transcontinental contends that in light of the previously commenced Massachusetts action and in light of the pending litigation on the same issue in 14 other jurisdictions, Count IV should be dismissed with prejudice.

Transcontinental does not seek dismissal of Counts I through III of the complaint, in which Old Republic alleges that Transcontinental violated its duties under the agency agreement with respect to a specific refinancing transaction involving a residence in Maine owned by persons named Benoit. Old Republic's complaint does not identify when its claims involving the Benoit refinancing arose, although it is logical to assume that the alleged acts and omissions that are complained of in connection with the Benoit refinancing occurred prior to the termination of the agency relationship.

Transcontinental's motion to dismiss Count IV with prejudice is denied. The claim in Count IV has not been litigated on the merits. However, any dismissal of that claim with prejudice might arguably be given *res judicata* or collateral estoppel effect. Even the case relied upon by Transcontinental, *Eastern Fine Paper Inc. v. Garriga Trading Co. Inc.*, 457 A.2d 1111, 1116 (Me. 1983), resulted only in a dismissal without prejudice. Moreover, *Eastern Fine Paper* is distinguishable here because that case turned in part upon politically sensitive questions under the law of Puerto Rico in an area where the law of Puerto Rico was being rapidly developed by the Supreme Court of Puerto Rico.

No similar situation is present in this case. Other than pointing out the duplication of effort and the potential inconsistencies that might result from proceeding with litigation in 16 states, Transcontinental has not offered any reason why any particular court is better equipped to decide the issues raised under Count IV. The

2

federal court in Massachusetts presumably has a head start, but if that case were to be resolved on other grounds, Count IV would remain to be decided. Accordingly, to the extent that Transcontinental is alternatively seeking to have Count IV dismissed without prejudice, that request is also denied at this time.

At the same time, on this record it does not appear that Old Republic and Transcontinental have any particular ties in Maine as opposed to their states of incorporation, the states where their main offices are located, and the state or states where the agency agreement that is the subject of Count IV was negotiated.[1] The court sees no reason at this time why it should duplicate the work of the federal court in Massachusetts or that of the various other courts where the same declaratory relief is being sought.

Moreover, the issues in Count IV do not appear to be intertwined with the issues in Counts I-III. Count IV concerns the interpretation of the "excessive claims/stop loss" provision of the agency agreement and whether that provision remains in effect in light of the March 21, 2006 termination letter. If applicable, that provision arguably requires reimbursement by Transcontinental if the aggregate amount paid by Old Republic on all claims (not just Maine claims) in a given year exceeds 5% of the gross premiums remitted to Old Republic by Transcontinental for that same year. In contrast, the issues in Counts I through III involve specific alleged breaches of the agency agreement with respect to a Maine refinancing.

Therefore the court will exercise its inherent authority to stay proceedings on Count IV at this time[2] and will direct the parties to proceed with litigation on Counts I-

---

[1] The record does not reveal where the head offices of Old Republic and Transcontinental are located, nor does it reveal where the agency agreement was reached. Neither party has suggested that this occurred in Maine.

[2] *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

III. At a later date, depending on the status of the other pending actions and what happens with respect to Counts I through III, the court will consider whether to lift the stay and proceed with respect to Count IV.

The parties have sought a new scheduling order and have requested exemption from ADR. The court agrees that a scheduling order shall be amended in the following respects, and the following deadlines shall apply to Counts I through III:

> Discovery deadline: May 27, 2008
> Plaintiff to designate experts: January 27, 2008
> Defendant to designate experts: March 27, 2008
> Jury trial request from plaintiffs (with fee): March 15, 2008
> Jury trial request from defendants (with fee): March 30, 2008

The court will not relieve the parties from ADR. While it may be unproductive for the national issues between the parties that are involved in Count IV to be mediated in Maine, there is no reason why the specific Maine issues (Counts I-III) cannot be mediated, and it is also possible that this entire action could be mediated and resolved without prejudice to the parties' respective positions on the litigation pending in other states. ADR deadline: April 30, 2008.

The entry shall be:

Defendant's motion to dismiss Count IV is denied. Proceedings on Count IV are stayed pending further order of the court. Amended scheduling order issued. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    November 29, 2007.

Thomas D. Warren
Justice, Superior Court

4

*Plaintiff*

JOHN MCVEIGH ESQ
PO BOX 9546
PORTLAND ME 04112

*Defendant*

JERROL CROUTER ESQ
PO BOX 9781
PORTLAND ME 04104